[No. B007787. Second Dist., Div. Four. May 15, 1985.]

VICTOR R. GUERRA, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
STATIONER'S CORPORATION et al., Respondents.

COUNSEL

Kenneth H. Rowen for Petitioner.

Metz, Johnson & Larson and Barry J. Burger for Respondents.

OPINION

**WOODS, P. J.**—Petitioner Victor R. Guerra (applicant) seeks review of the order of respondent Workers' Compensation Appeals Board (Board) denying reconsideration of the findings and award of the workers' compensation judge (WCJ) that applicant's self-inflicted burn injury did not arise out of his employment. As we shall explain, applicant is entitled to relief.

In May 1982, while applicant was employed as a printing pressman helper by Stationer's Corporation (employer), he sustained industrial injury to his neck, head and back. In June 1982 he was medically released to return to work; however, he was unable to continue working because he could not do the heavy lifting and bending required by his job without incurring back pain.

On July 15, 1982, during a quarrel with his fiancee applicant sustained extensive bodily burns when he leaned against an electrical power terminal. He testified that the self-inflicted burns were the result of depression he suffered from back pain and his inability to work and support his fiancee.

For 12 months Dr. Ling treated applicant's complaints of depression, anxiety and fear of not being able to marry and support his fiancee. Applicant could not understand his impulsive behavior and loss of control which led him to self-inflict the burns. Dr. Ling opined that after the back injury applicant "developed depression and anxiety and in its course developed a rather poor self image and poor impulse control, leading to . . . the incident with the burn." Dr. Ling thus concluded the burn injury and applicant's neuropsychiatric status were all related to the initial May 1982 industrial injury.

Dr. Anselen, reporting for the employer, reached the following conclusions:

"1. . . . . . . . . . . . . . . . . . . . . . . . . .

"2. The patient also has a history that in 1979, his brother was murdered in front of him. No doubt that this patient has had a somewhat turbulent and explosive life.

"3. I was surprised to read from the well-meaning and learned doctors that all of this patient's problems started from his minor back injury, which is the industrial accident. This is impossible to believe, and again I repeat I was very much surprised to read that this patient's overdose with medication, arguments with his girlfriend, trying to burn himself with a live wire, all these tragic events started because the patient suffered a simple lumbosacral sprain at work.

"4. It is obvious from the history that this patient is not suffering from any psychiatric disorder. He is what at present is called 312.34, Intermittent Explosive Disorder (formally called Explosive Personality), characterized by poor control of his behavior and the tendency toward hysterical elements.

"5. Again I reiterate that it is impossible to believe that such a minor injury could cause so many problems in this patient in view of the fact of his pathological history, such as his brother's murder and his hysterical behavior toward his girlfriend. . . ."

The WCJ relied on the report of Dr. Anselen and found the burn injury of July 15, 1982, did not arise out of applicant's employment, reasoning

that the May 1982 industrial injury was not the proximate cause of his July 15, 1982, self-inflicted burn injury. The Board concurred in the WCJ's finding and denied reconsideration.

■ A self-inflicted injury is compensable if proximately caused by the employment. (Lab. Code, § 3600.) The tort concept of proximate causation requiring a sole cause is not followed in workers' compensation. (*Albertson's, Inc.* v. *Workers' Comp. Appeals Bd.* (1982) 131 Cal.App.3d 308, 315-316 [182 Cal.Rptr. 304].) Instead, the causal connection between employment and the injury is sufficient if the employment is a contributing cause of the injury. (*Ibid.; Madin* v. *Industrial Acc. Com.* (1956) 46 Cal.2d 90, 92 [292 P.2d 892].)

■ Whether an employee's injury is proximately caused by his employment is a question of fact. (*State Comp. Ins. Fund* v. *Ind. Acc. Com.* (1959) 176 Cal.App.2d 10, 14-15 [1 Cal.Rptr. 73].) Judicial review of the Board's decision on factual matters is limited to determining whether the decision, based on the entire record, is supported by substantial evidence. (Lab. Code, § 5952, subd. (d); *Lamb* v. *Workmen's Comp. Appeals Bd.* (1974) 11 Cal.3d 274, 280-281 [113 Cal.Rptr. 162, 520 P.2d 978].) This standard of review is not met by simply isolating evidence which supports the Board and ignoring other relevant facts of record which rebut or explain that evidence. (*Ibid.*)

■ Not all expert medical opinion, however, constitutes substantial evidence upon which the Board may rest its decision. Medical opinion is not substantial evidence if based upon surmise, speculation, conjecture or guess. (*Hegglin* v. *Workmen's Comp. App. Bd.* (1971) 4 Cal.3d 162, 169 [93 Cal.Rptr. 15, 480 P.2d 967].) ■ Since Dr. Anselen's opinion is speculative and based on conclusionary and unwarranted assumptions, it does not constitute substantial evidence supporting the findings of the WCJ and Board.

For example, Dr. Anselen attributes applicant's self-inflicted injuries to a "turbulent and explosive life" in which his brother was killed, yet there is no evidence that applicant was traumatized by his brother's death. Dr. Anselen's statement that applicant had a turbulent life prior to his industrial back injury is thus conclusionary and unwarranted.

In addition, Dr. Anselen's surmise that applicant has a pathological history of hysterical behavior towards his girlfriend, is not consonant with the factual history that applicant's arguments with his fiancee commenced after his industrial back injury and stemmed from the fact that he could no longer work as a pressman to support her. There is no evidence that applicant

exhibited hysterical behavior before the industrial injury, as Dr. Anselen incorrectly assumed.

Thus, as a matter of law, Dr. Anselen's report is insufficient to support the Board's finding that applicant's May 1982 industrial back injury was not a contributing cause of the July 15, 1982, self-inflicted burn injury. (*Twentieth Century-Fox Film Corp.* v. *Workers' Comp. Appeals Bd.* (1983) 141 Cal.App.3d 778, 784-785 [190 Cal.Rptr. 560].)

■ Moreover, the established legislative policy is that the workers' compensation act must be liberally construed in the employee's favor (Lab. Code, § 3202), and that all reasonable doubts whether an injury is industrially related be resolved in favor of the employee. (*Lamb* v. *Workmen's Comp. Appeals Bd., supra,* at pp. 280-281.)

The order of respondent Board denying reconsideration and the finding of the WCJ that applicant's July 15, 1982, injury did not arise out of his employment are annulled. The matter is remanded for further proceedings consistent with the views expressed herein.

McClosky, J., and Arguelles, J., concurred.

A petition for a rehearing was denied June 4, 1985.